## CIRCUIT COURT OF THE CITY OF RICHMOND

Earl G. Hughes et al.

v.

NationsBank of Virginia, N.A., et al.

June 29, 1995

Case No. LX-2403-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiffs claim that the defendant bank turned down their loan request for funds to start a new business because of their race. Defendant has filed and there has been argument on a motion for summary judgment. Essentially, the motion advances that plaintiffs should not be permitted to go to trial on their allegations because they have admitted that they have no evidence of non-minority loan applicants who are similarly situated to them who received favorable treatment.

Plaintiffs have selected fifteen loan applicants who they say are similarly situated, whose cases demonstrate that by comparison [they] received more favorable treatment than they did on their loan requests. They cite in Plaintiffs' Response To Defendants' Supplemental Memorandum For Summary Judgment that "[a] review of the fifteen files of the similarly situated Caucasian loan applicants shows that NationsBank did not apply their qualifying criteria equally." Plaintiffs go on to say that the bank "virtually ignored their criteria in regard to those fifteen loans and treated these non-minorities more favorably than plaintiffs." They say further that the fifteen loans were processed "in direct contradiction to established procedure and guidelines," suggesting that the bank made plaintiffs comply more stringently and completely with the procedures and guidelines and denied their loan request while not holding the fifteen to the same requirements and extended loans to them.

Defendants, on the other hand, contend that the fifteen other loan files are dissimilar in that:

1. None of the fifteen involve loans for a tree farm, as was plaintiff's request.

2. None involve start-up businesses.

3. None involve the same loan officer-decision maker as plaintiffs.

4. None involve the Richmond branch where plaintiff applied.

5. None were for a loan term of 10 years as was plaintiffs, the others short-term, the longest being 4 years.

6. All the fifteen had a pre-existing relationship, unlike plaintiffs who had none with the bank.

Since plaintiffs have admitted to these dissimilarities, they have no evidence of disparate treatment as to them and thus their case must now fail, defendant contends.

Plaintiffs have cited no authority for the proposition that an inference of race discrimination can arise merely from a departure from policy or guidelines in loan applications. If a bank deviates, relaxes, excuses, or exempts a requirement in the loan process, these circumstances could be evidence of discrimination, but these alone would not be enough without considering other factors that bring the instant applicant closer to other applicants who received favorable treatment. Plaintiffs have admitted that their evidence will be founded only on the fifteen other loan files and that there is no evidence of direct evidence of race discrimination.

For these reasons, based on the plaintiffs' admissions, the bank should prevail on summary judgment as a matter of law because they leave no material facts at issue to decide.